ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| FRANCISCO JAVIER LAGUER GONZÁLEZ<br><br>Recurrido<br><br>v.<br><br>TAHIS FIGUEROA ROSADO<br><br>Peticionaria | KLAN202500469 | *Apelación* **acogida como** *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm.: SJ2024RF00337<br><br>Sobre: Custodia |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez

Campos Pérez, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de julio de 2025.

Comparece la Sra. Thais Figueroa Rosado (señora Figueroa Rosado o Peticionaria), quien solicita nuestra intervención para la revisión de la *Orden* emitida y notificada el 30 de abril de 2025, así como de la *Resolución* emitida el 7 de mayo de 2025, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala de San Juan. En los aludidos pronunciamientos, el foro *a quo* se negó a reconsiderar su previa determinación de aceptar, sin impugnación, el *Informe Social Forense*, presentado por la Trabajadora Social, Lory Ann Artache Delgado (TS Artache Delgado). Fundamentó su decisión en que la Peticionaria tuvo tiempo suficiente para persuadirlo de variar las recomendaciones sociales, mediante un informe pericial de impugnación.

Acogemos el presente recurso como una petición de *certiorari*, al ser el mecanismo procesal adecuado en virtud de los dictámenes recurridos. Por economía procesal, conservamos la clasificación alfanumérica otorgada en Secretaría. A su vez, anticipamos la denegación del auto discrecional.

Número Identificador

RES2025_____

**I.**

Los hechos relevantes de la presente causa se iniciaron el 6 de marzo de 2024, ocasión en que el Sr. Francisco Laguer González (señor Laguer González o Recurrido) presentó una *Demanda* para solicitar la custodia del hijo en común con la Peticionaria, A.J.L.F.[1] Luego de varios trámites procesales, el foro primario notificó una *Sentencia* el 5 de junio de 2024, a través de la cual suscribió los acuerdos de los litigantes del epígrafe.[2] A saber, que la custodia provisional sobre el menor la ostentaría el señor Laguer González; mientras que la patria potestad sería compartida entre ambos progenitores. El dictamen fijó las relaciones maternofiliales.[3]

Así las cosas, el 1 de agosto de 2024, la señora Figueroa Rosado solicitó que se refiriera el caso a la *Unidad Social de Relaciones de Familia y Asuntos de Menores*, "para evaluación y recomendación con informe sobre la custodia del menor basado en el mejor bienestar del menor".[4] El tribunal primario emitió la *Orden* al día siguiente.[5]

La TS Artache Delgado dio cumplimiento a la encomienda el 14 de enero de 2025.[6] Por su parte, el 17 de enero de 2025, la sala de primera instancia notificó una *Orden* y concedió a las partes un plazo de veinte (20) días para leer el documento y expresarse sobre éste.[7] El 28 de enero de 2025 el señor Laguer González aceptó el *Informe Social Forense*.[8] En cuanto a la Peticionaria, el **3 de febrero**

---

[1] Apéndice de la Peticionaria, págs. 24-25.
[2] Véase, Apéndice del Recurrido, pág. 1.
[3] Cabe señalar que al Recurrido se le había concedió la custodia provisional del menor, por virtud de una *Orden de Protección Ex Parte*. Refiérase al Apéndice, pág. 24 acápite 6. Luego, se expidió la *Orden de Protección Final OPA 2024-42405*, al amparo de la Ley 54-1989 *Ley para la prevención e intervención con la violencia doméstica*, con una vigencia de dos años (desde el 18 de julio de 2024 hasta el 18 de julio de 2026); a cuya expedición la Peticionaria se allanó. El mandamiento judicial, además, fijó las relaciones maternofiliales. Véase, el anejo de la entrada 13 del expediente electrónico SJ2024RF00337 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[4] Véase, entrada 14 del SUMAC acápite 8, *Moción informativa y solicitando Orden.*
[5] Apéndice de la Peticionaria, pág. 26.
[6] Apéndice de la Peticionaria, págs. 27-47; además, refiérase al Apéndice de la Peticionaria, págs. 48-63 y 49-74.
[7] Apéndice de la Peticionaria, págs. 76-77.
[8] Apéndice del Recurrido, pág. 2.

**de 2025** anunció la contratación del Trabajador Social Luis Rivera Santiago, quien rendiría un informe de impugnación, para lo que solicitó un **término de sesenta (60) días**.[9]

Inicialmente, el 4 de febrero de 2025, el foro judicial emitió una *Resolución* adjudicando la custodia de A.J.L.F. a favor del señor Laguer González y delimitando las relaciones maternofiliales.[10] La señora Figueroa Rosado interpuso oportunamente una *Moción de reconsideración sobre impugnación Informe Social*,[11] en la cual reiteró su intención de impugnar el documento forense; así como descubrir determinada prueba dirigida a la TS Artache Delgado. En respuesta, el tribunal compelido dejó sin efecto el dictamen de 4 de febrero de 2025, pero **denegó la petición de descubrimiento**.[12]

En el ejercicio del manejo del caso, el 21 de febrero de 2025 la sala judicial notificó otra *Orden* en preparación al juicio.[13] En particular, instó a la representación legal de las partes a reunirse para confeccionar el informe que mandata la Regla 37 de Procedimiento Civil, según sus especificaciones, y presentarlo un mes después, so pena de sanciones. La orden fue reiterada el 6 de marzo de 2025.[14] Luego, a solicitud de la Peticionaria el 21 de marzo de 2025 —quien indicó que el documento pericial de impugnación se encontraba en **etapa de borrador**— el foro primario concedió una prórroga de diez (10) días, esto es, hasta el 31 de marzo de 2025, supuestamente debido a la contratación de nueva representación legal.[15]

Transcurrido en exceso el término conferido, el foro primario notificó una *Resolución* el **29 de abril de 2025** y expresó:[16]

---

[9] Apéndice de la Peticionaria, págs. 78-85.
[10] Apéndice de la Peticionaria, págs. 86-87.
[11] Apéndice de la Peticionaria, págs. 88-89.
[12] Apéndice de la Peticionaria, pág. 90.
[13] Apéndice de la Peticionaria, págs. 91-93.
[14] Apéndice del Recurrido, pág. 3. Notificada a las representaciones legales de las partes.
[15] Apéndice de la Peticionaria, págs. 94 y 95.
[16] Apéndice de la Peticionaria, pág. 96.

> Ante el incumplimiento de las partes en presentar *Informe de Conferencia,* dejamos sin efecto la vista del 2 de mayo de 2025. **Queda vigente la *Resolución* del 4 de febrero de 2025**. Ordenamos a las partes su fiel cumplimiento. (Énfasis nuestro).

Entonces, en la misma fecha, la representación legal de la señora Figueroa Rosado presentó *Moción en reconsideración y en cumplimiento de Orden, solicitud de remedio y relevo de representación legal.*[17] En esencia, indicó que el informe pericial de impugnación se encontraba en **etapa avanzada de desarrollo**, incluyendo reuniones con el perito y la **continuación del descubrimiento de prueba**. La abogada de la Peticionaria dijo también que su cliente estaba finalizando una nueva contratación legal. En cuanto al documento conjunto, anejó únicamente su parte de un *Informe Preliminar de Abogados.* A esos efectos, unió una cadena de correos electrónicos que versaban de los alegados intentos infructuosos de pautar la reunión entre abogadas.

La representación legal del señor Laguer González replicó una hora más tarde.[18] Rechazó la imputación de responsabilidad por no haber presentado a tiempo el informe. En particular, apuntó que varias comunicaciones de la cadena suministrada no incluyeron su correo electrónico, por lo que evidentemente no los recibió. Ripostó también que la Peticionaria continuara aludiendo a un descubrimiento de prueba, el cual fue declarado sin lugar por el tribunal. Finalmente, afirmó que, a tres (3) meses del anuncio de la contratación del perito de impugnación, todavía no se había notificado el documento.

El 30 de abril de 2025, la sala de primera instancia declaró *sin lugar* la solicitud de la Peticionaria.[19] Al día siguiente,

---

[17] Apéndice de la Peticionaria, págs. 97-103.
[18] Apéndice de la Peticionaria, págs. 104-106.
[19] Apéndice de la Peticionaria, pág. 22. El foro de primera instancia denegó también el relevo.

compareció su nueva representación legal.[20] Ésta también solicitó al foro primario otra reconsideración de su postura de 29 de abril de 2025, por conducto de la *Moción informando falta de notificación o apercibimiento a la parte demandada y segunda solicitud de reconsideración* instada el 4 de mayo de 2025.[21] En resumen, planteó que la determinación representaba una sanción contra la señora Figueroa Rosado, sin que ésta fuera previa y directamente apercibida del incumplimiento ni de las consecuencias que éste acarreaba, de conformidad con la Regla 39.2(a) de Procedimiento Civil, *infra*.

El tribunal *a quo* aceptó la nueva representación.[22] No obstante, con relación a las contenciones planteadas, el **7 de mayo de 2025**, notificada al siguiente día, negó variar su postura y dijo:[23]

> Mantenemos vigente la *Resolución* acogiendo las recomendaciones de la Unidad Social suscrita el 4 de marzo de 2025 así como la *Resolución* del 29 de abril de 2025. Es nuestro criterio que la parte demandada, Tahis Figueroa Rosado, tuvo tiempo suficiente para persuadir al Tribunal de variar las recomendaciones sociales. Ante esto, declaramos **SIN LUGAR** la moción presentada el 4 de mayo de 2025.
>
> Mantener un estado de incertidumbre es incompatible con los mejores intereses de los menores. (Énfasis en el original).

No conteste, el 23 de mayo de 2025 la señora Figueroa Rosado compareció ante nos y señaló la comisión de los siguientes errores:

> *Primer Error*
> Cometió error el Tribunal de Primera Instancia al emitir una determinación que representa una sanción contra la parte Demandada sin previo apercibimiento. Siendo la determinación una que priva a la Demandada del derecho a una vista para impugnar el *Informe Social*.
>
> *Segundo Error*
> Erró el Tribunal de Primera Instancia al acoger las recomendaciones de un *Informe Social* por encima del interés superior del menor sin celebrar una vista de impugnación solicitada por la Recurrente.

---

[20] Apéndice de la Peticionaria, págs. 107-108.
[21] Apéndice de la Peticionaria, págs. 109-117.
[22] Apéndice de la Peticionaria, pág. 118.
[23] Apéndice de la Peticionaria, pág. 23 y Apéndice del Recurrido, pág. 4.

El 28 de mayo de 2025, emitimos una *Resolución*, mediante la cual concedimos al señor Laguer González el plazo reglamentario para que presentara su postura. El 30 de junio de 2025, el Recurrido presentó *Escrito en cumplimiento de Orden, Oposición a la expedición del auto*. Con el beneficio de su comparecencia, resolvemos.

**II.**

**A.**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un tribunal inferior y corregir algún error cometido por éste. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al., v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334 (2005). A diferencia de la apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de *certiorari* de manera discrecional. *García v. Padró, supra*. El Tribunal Supremo de Puerto Rico ha definido *discreción* como el "poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *Id.*, que cita a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Por ende, la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera..." *Pueblo v. Sánchez González*, 90 DPR 197, 200 (1964), citado con aprobación en *García v. Padró, supra*, págs. 334-335.

No obstante, el ejercicio de la discreción no equivale a hacer abstracción del resto del Derecho, ya que ese proceder constituiría, en sí mismo, un abuso de discreción. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001). Por lo tanto, el examen al auto discrecional que realizamos antes de decidir el curso a seguir no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, pág. 176. Ello así, porque "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la

razonabilidad". *García v. Padró, supra*, pág. 335; *Pueblo v. Ortega Santiago, supra.*

Es sabido que la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita taxativamente las instancias en las cuales este foro intermedio tiene autoridad para atender los recursos de *certiorari*. En su parte pertinente, la norma dispone que, por excepción, estamos autorizados a expedir un recurso de *certiorari* en los **casos de relaciones de familia, así como las cuestiones relacionadas con la admisibilidad de peritos esenciales**. *Id.* Añade la norma procesal que, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". *Id.*

Además del examen objetivo antes descrito, para ejercer sabia y prudentemente nuestra facultad discrecional al determinar si expedimos o denegamos un recurso de *certiorari*, nos guiamos por la Regla 40 del Reglamento del Tribunal de Apelaciones, *Criterios para la expedición del auto de certiorari*, 4 LPRA Ap. XXII-B, R. 40.

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Claro está, es norma asentada que este tribunal intermedio no interviene con las determinaciones emitidas por la sala de primera instancia ni sustituye su criterio discrecional, "*salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto*". (Cursivas en el original). *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018), que cita con aprobación a *Ramos Milano v. Wal-Mart*, 168 DPR 112, 121 (2006) y otros.

**B.**

De otra parte, es sabido que los Tribunales de Primera Instancia tienen una gran discreción en el manejo de los procedimientos celebrados en sus salas. Dicha discreción debe obedecer a "órdenes que sean justas", ya que la ausencia de tal justicia equivaldría a un abuso de discreción. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 590 (2011), reiterado en *Mitsubishi Motor v. Lunor y otros*, 212 DPR 807, 819-820 (2023). Por tal razón, el Tribunal Supremo ha pautado que, antes de ordenar la **desestimación del pleito o la eliminación de las alegaciones**, el tribunal tiene que ejecutar el orden de prelación que establece la Regla 39.2(a) de Procedimiento Civil, 32 LPRA Ap. V. *Mitsubishi Motor v. Lunor y otros*, *supra*, pág. 820, que cita a *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982). Es decir, el tribunal debe apercibir el incumplimiento a la representación legal de la parte y concederle la oportunidad para responder. Si ésta no lo hace, el tribunal le impondrá sanciones y notificará directamente a la parte sobre el asunto. *HRS Erase v. CMT*, 205 DPR 689, 700-701 (2020). Una vez que la parte haya sido informada de la situación y de las consecuencias que el incumplimiento puede conllevar, deberá corregirla dentro del término que el tribunal de instancia le conceda. El plazo conferido será razonable y, salvo que las circunstancias del caso lo justifiquen, no será menor de treinta (30) días. Si la parte no

toma una acción correctiva, entonces, "nunca se podrá querellar, ante ningún foro, de que se le despojó injustificadamente de su causa de acción y/o defensas". *Id.*, pág. 702; *Maldonado v. Srio. de Rec. Naturales, supra.* Una vez el tribunal realice este trámite, se encontrará en posición para imponer la sanción que corresponda. *Mitsubishi Motor v. Lunor y otros, supra*, pág. 820.

**III.**

En la causa del epígrafe, la Peticionaria aduce que el foro primario incidió al emitir una determinación que representa una sanción en su contra, ya que le priva de una vista para impugnar el *Informe Social Forense.* Ello, a pesar de que no hubo un previo apercibimiento, lo que considera que contraviene el mejor interés del menor.

Si bien el asunto planteado en esta causa está contenido en las materias que consigna la Regla 52.1 de Procedimiento Civil, *supra*, ya que se trata de un asunto de familia, relacionado con evidencia pericial, opinamos que las contenciones de la Peticionaria no se ajustan a ninguno de los criterios de la Regla 40 de nuestro Reglamento. Distinto a lo argüido, este caso no versa sobre el apercibimiento que la sala sentenciadora debe realizar previo a una desestimación o a la eliminación de las alegaciones, por virtud de Regla 39.2(a) de Procedimiento Civil, *supra*, sino que estimamos que **el proceder del tribunal *a quo* se encuentra dentro del marco de su amplia discreción en el manejo de los casos ante su consideración**.

Nótese que el plazo de sesenta (60) días solicitado por la propia Peticionaria para someter el documento pericial de impugnación expiró mucho antes de los dictámenes impugnados. Ello así porque ésta no efectuó ningún trámite ulterior de notificación del aludido informe impugnatorio al Recurrido ni al foro de primera instancia. Recuérdese también que no estaba discurriendo ningún

descubrimiento de prueba concerniente a la TS Artache Delgado como se adujo, toda vez que el mismo fue denegado con anterioridad. Tampoco la extensión de diez (10) días concedida a la Peticionaria se debió a la contratación de una nueva representación legal, la cual a esa fecha no se había realizado. Decididamente, no era permisible que la señora Figueroa Rosado secuestrara el trámite ordinario del caso y colocara en indefensión al señor Laguer González, quien desconocía las bases de la impugnación de un *Informe Social Forense*, que le favoreció como progenitor custodio. Añádase que la Peticionaria presenta *capacidades protectoras debilitadas*, de conformidad con su evaluación psicológica, por lo que, contrario a lo alegado, el foro recurrido sí tomó en consideración el mejor interés del menor.[24]

Así, pues, evaluados los hechos particulares que informa este caso, junto a los documentos unidos al expediente, determinamos que no se justifica nuestra intervención con la actuación del foro impugnado. La Peticionaria no demostró que el tribunal impugnado incurriese en prejuicio, parcialidad, abuso de discreción o error craso y manifiesto, al restaurar su *Resolución* de 4 de febrero de 2025, luego que la Peticionaria no persuadió al *nisi prius* de variar las recomendaciones del *Informe Social Forense*, aun cuando contó con tres (3) meses para presentar prueba impugnatoria.

**IV.**

Por los fundamentos expuestos, denegamos el auto discrecional.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[24] Refiérase al Apéndice de la Peticionaria, págs. 62-63.